**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DAVID G. JACKSON and DEBRA F. JACKSON, Special Administrators of the Estate of JACOB PAUL JACKSON, Minor Child, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC., A Delaware Corporation; WYETH INC., A Delaware Corporation; WYETH PHARMACEUTICALS INC., A Delaware Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    8:05CV18<br><br><br><br><br>PROTECTIVE ORDER |

    This matter is before the court on the parties' Motion for Protective Order (Filing No. 51). To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and the parties' consent,

    **IT IS ORDERED:**

    1. <u>Scope:</u>  This Protective Order governs the use and dissemination of documents and information produced in discovery or provided pursuant to subpoena to any person, party, or entity (the "Receiving Party") in the above-captioned action (the "Litigation") when the person, party, or third party producing or providing the documents or information (the "Producing Party") designates them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order. It does not apply to (a) documents or information already in the Receiving Party's possession; (b) documents or information that the Receiving Party obtains by means other than discovery served or subpoenas issued in connection with the Litigation; or (c) a Producing Party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information.

    2. <u>Use:</u>  A Receiving Party shall use documents and information that a Producing Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order solely for purposes of the Litigation.

    3. <u>"CONFIDENTIAL" Information:</u>  A Producing Party may designate as "CONFIDENTIAL" any documents or information that, in good faith, it believes constitutes, contains, or reflects (a) proprietary or commercially sensitive information; (b) personal

financial information; or (c) information that should otherwise be subject to confidential treatment under law, including under Fed. R. Civ. P. 26(c).

    4. <u>Disclosure of "CONFIDENTIAL" Information</u>: A Receiving Party may disclose documents and information designated as "CONFIDENTIAL" only to the following persons:

- a. in-house counsel for a named party in the Litigation and paralegals working under the supervision of such counsel;
- b. outside counsel representing a named party in the Litigation and paralegals, clerical, and other employees working under the supervision of such counsel;
- c. court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so first executes a Certification attached hereto as Exhibit A;
- d. experts or consultants who (i) are retained by an attorney for a named party in the Litigation, (ii) are actively involved in the preparation for trial or trial in the Litigation, and (iii) first execute a certification attached hereto as Exhibit A;
- e. plaintiffs in the Litigation who first execute a certification attached hereto as Exhibit B;
- f. during depositions or hearings or during preparation for depositions or hearings, witnesses who appear reasonably likely to have relevant knowledge or information relating to the document or information designated as "CONFIDENTIAL" or to the specific events, transactions, or discussions referenced, provided that, if such witnesses are not employees of the Producing Party, they first execute the certification attached hereto as Exhibit A and are not to retain copies; and
- g. the Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal.

    5. <u>"HIGHLY CONFIDENTIAL" Information</u>: A Producing Party may designate as "HIGHLY CONFIDENTIAL" documents or information that, in good faith, it believes (a) constitutes, contains, or reflects (i) current or future methods, procedures, and processes relating to the pricing of pharmaceuticals, (ii) current or future marketing plans and methods, (iii) current or future business planning and financial information; (iv) trade secrets, or (v) other similar information; and (b) is so proprietary or competitively sensitive that its disclosure is likely to cause the Producing Party irreparable competitive, commercial or other injury. If the Producing Party has a good faith belief that "HIGHLY CONFIDENTIAL" documents or information is so sensitive that it should not be copied, it may place the designation "COPYING PROHIBITED" on the documents or information, in which case the Receiving Party shall not make copies.

    6. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information</u>: A Receiving Party may disclose documents and information designated as "HIGHLY CONFIDENTIAL" only to the following persons:

    a.    if plaintiffs in this action were the Producing Party, in-house counsel for a named party in the Litigation and paralegals working under the supervision of such counsel;

    b.    outside counsel representing a named party in the Litigation and two staff members of such counsel designated for this purpose;

    c.    court reporters at depositions or hearings at which documents or information designated as "HIGHLY CONFIDENTIAL" is used, provided they first execute the certification attached hereto as Exhibit A;

    d.    experts or consultants who (i) are retained or engaged by an attorney representing a named party in the Litigation, (ii) are actively involved in the preparation for trial or trial in the Litigation, and (iii) first execute a certification attached hereto as Exhibit A;

    e.    during depositions or hearings, witnesses who are (i) currently or formerly employed by the Producing Party and (ii) appear reasonably likely to have relevant knowledge or information relating to the document or information designated as "HIGHLY CONFIDENTIAL" or to the specific events, transactions, or discussions referenced, provided that, if such witnesses are former employees of the Producing Party, they first execute the certification attached hereto as Exhibit A and are not to retain copies; and

    f.    the Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal.

7. <u>Manner of Designation:</u>  A Producing Party may designate all or any part of a document, tangible item, discovery response or pleading that is disclosed, produced, or filed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by placing the following legend on the face of the document and each page so designated: "[DESIGNATING PARTY] - [CONFIDENTIAL]/[HIGHLY CONFIDENTIAL]; SUBJECT TO PROTECTIVE ORDER IN JACKSON V. PFIZER, INC., ET AL., CIV. NO. 8:05:CV18". If the document or item cannot be marked in this manner, the Producing Party may provide the Receiving Party was a written notice of the designation.

8. <u>Maintenance, Storage, and Copies:</u> The Receiving Party's counsel shall maintain and store documents and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a secure and safe area and are responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of documents and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  A Receiving Party's files, containers, drawers or other receptacles containing documents or information that a Producing Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be marked on the outside as follows: "THIS FILE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER IN JACKSON V. PFIZER, INC., ET AL., CIV NO. 8:05:CV18." Copies of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in whatever form, as well as materials compiled or prepared by the Receiving Party that contain or reflect documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (including but not limited to summaries,

compilations, notes, and electronic images or databases) are subject to the same restrictions and limitations as originals.

9. Depositions and Hearings: Documents and information previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are used in or made exhibits to a deposition or hearing shall retain their designated status and need not be redesignated. A Producing Party also may designate testimony and exhibits (or portions thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by advising the court reporter and all parties of such fact either (a) on the record during the deposition or hearing, or (b) in writing within thirty (30) days after the Producing Party's counsel receives a copy of the deposition or hearing transcript. Transcripts of depositions and hearings that contain testimony or exhibits designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall bear a legend on their cover page stating "THIS TRANSCRIPT CONTAINS MATERIALS OR INFORMATION SUBJECT TO A PROTECTIVE ORDER IN JACKSON V. PFIZER, INC., ET AL., CIV NO. 8:05:CV18." Deposition and hearing transcripts and exhibits shall provisionally be deemed "HIGHLY CONFIDENTIAL" for thirty (30) days after the Producing Party's counsel receives a copy of the deposition or hearing transcript. If no already-designated materials are exhibits, no designations were made on the record during the deposition or hearing, and no Producing Party makes a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation within the thirty (30) day period, the deposition or hearing transcript and exhibits shall be deemed not to contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM shall be labeled with the appropriate legend.

10. Court Filings: Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information, shall be filed under seal in an envelope marked "[CONFIDENTIAL] [HIGHLY CONFIDENTIAL] -- Filed Under Seal Pursuant to Court Order" and bear the caption of the Litigation and pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated. The party filing such papers shall comply with all requirements for filings made under seal, including the procedures set forth in the United States District Court for the District of Nebraska's Civil Administrative Procedures relating to electronic filings.

11. Notice Of Requests: Any Receiving Party that receives a request or subpoena for the production or disclosure of documents or information that a Producing Party has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this

Protective Order shall, within three business days, give the Producing Party written notice (via both facsimile and U.S. mail) of the request or subpoena and forward a copy of the request or subpoena.  Provided that the Producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the Receiving Party shall not produce or disclose the requested information without consent of the Producing Party or until ordered to do so by a court of competent jurisdiction.

12. <u>Closed Proceedings:</u>   During portions of depositions or hearings at which documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used, persons who are not entitled to access to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information under the terms of this Protective Order shall be excluded.

13. <u>Contesting Designations:</u>   Nothing in this Protective Order shall be construed as a finding that documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" were properly designated as such.  Any Receiving Party may object to a Producing Party's designation by specifying the documents or information in issue and the basis for questioning the designation in a written objection.  A Receiving Party is not obligated to challenge the propriety of a designation at the time made, and a failure to do so does not preclude any subsequent challenge.  If a Receiving Party objects in writing and the Producing Party does not agree to withdraw or alter the designation, the Receiving Party and the Producing Party shall first attempt to resolve the issue informally.  If the dispute is not resolved within thirty (30) days of service of a written objection, the Receiving Party may file a motion contesting the designation made relating to the documents or information at issue.  Pending the final resolution of that motion (including the period for appellate review), the information, documents or materials shall continue to subject to and treated under the terms of this Protective Order.

14. <u>No Waiver:</u>   Review of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by persons permitted access under the terms of this Protective Order shall not waive the confidentiality of the documents or information.  The inadvertent or unintentional disclosure of or failure to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information shall not be deemed a waiver, in whole or in part, of the Producing Party's claims of confidentiality.  If a Producing Party fails to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information as such at the time of production or during the thirty (30) day period for review of depositions, the Producing Party may designate such documents under the terms of this Protective Order by (a) notifying each Receiving Party in writing

that "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information were disclosed without having been designated as such within twenty (20) business days of learning of that fact, (b) specifically identifying the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information that were disclosed and advising each Receiving Party of the appropriate designations, and (c) providing each Receiving Party with properly redesignated documents or information within thirty (30) days.  After the Producing Party provides notice outlined above, the materials shall be treated as designated in the Producing Party's notice.  Upon receipt of properly redesignated documents, the Receiving Party shall return or certify the destruction of all unmarked or incorrectly designated documents and other materials to the Producing Party within twenty (20) business days.

      15. <u>Unauthorized Disclosure:</u>  If a Receiving Party discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to any person or entity not authorized to review it under the terms of this Protective Order, the Receiving Party shall promptly (a) make reasonable, best efforts to seek the return of the documents or information, (b) inform the Producing Party of the disclosure and the relevant circumstances (including the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Protective Order and request that they agree to its terms in writing by signing the certification attached as Exhibit A.  This paragraph does not limit the remedies that the Producing Party may pursue for breach of this Protective Order.

      16. <u>Termination of the Litigation:</u>  After termination of the Litigation, counsel for each party may, subject to the terms of this Protective Order, retain (a) one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court that were designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; and (b) attorney work product based on, containing, or reflecting documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order.  Except as provided above, within sixty (60) days after the latter of the termination of (a) the Litigation, and (b) other litigation relating to Jacob Jackson in which the Receiving Party's counsel represents a named party, the Receiving Party's counsel shall either (i) return to the Producing Party's counsel or (ii) provide written certification of the destruction of all documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including any copies.  Termination, as used in the prior sentence, includes the conclusion of any appeal(s) and the time for filing

any appeal(s).

17. Non-Parties:  A person or entity that is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record.

18. Certifications:  Executed copies of the certification attached hereto as Exhibit A shall be maintained by the person or party who caused the certification to be executed. Certifications executed by any individual other than a consultant to a parties shall be served upon all other counsel within ten (10) business days of execution.

19. Admissibility and Discoverability:  Nothing in this Protective Order shall be construed to be an admission of relevance or to affect, in any way, the admissibility or discoverability of any documents, testimony or other evidence in the Litigation.  This Protective Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not admissible or discoverable.

20. Other Relief:  Nothing in this Protective Order shall prevent a party from applying to the Court for relief therefrom, from applying to the Court for modification of this Order, or from seeking additional or different protections for confidential information.

21. Trial:  The parties contemplate that procedures for the treatment and use of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" documents and information at trial will be addressed in a separate order.

22. Third Parties' Information:  This Protective Order does not address, authorize or require a Producing Party to disclose confidential or private information regarding third parties where such disclosure is barred by statute, rule, regulation, or common law, including but not limited to the identities of patients ( *see* 21 C.F.R. § 20.63).

23. Privileged and Protected Information:  This Protective Order does not authorize or require a Producing Party to disclose documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege.  If a Producing Party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not waive otherwise applicable claims of privilege or protection.  After (a) written notice identifying privileged or protected documents that were inadvertently or mistakenly produced and (b) receipt of a privilege log relating to such documents, the Receiving Party shall (i) return or certify the destruction of all such documents within ten (10) business days and (ii) destroy any work product or portions of any work product containing or reflecting their contents.

24. <u>Binding:</u>  This Protective Order is binding on the parties to the Litigation and their attorneys, successor attorneys, personal representatives, executors, administrators, special administrators, legal representatives, assigns, subsidiaries, divisions, employees, and agents.

25. <u>Survival:</u>  This Order and the Court's jurisdiction to enforce it shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

DATED this 28th day of December, 2005.

                                      BY THE COURT:

                                      s/ Thomas D. Thalken
                                      United States Magistrate Judge

**CERTIFICATION - EXHIBIT A**

I hereby certify that I have read the attached Protective Order in *David G. Jackson, et al. v. Pfizer Inc., et al.*, Civil Action No. 8:05CV18, pending in the United States District Court for the District of Nebraska, dated December 28, 2005 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and will not for any business or other purpose disclose such communications or information unless such disclosure is authorized by the party designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or unless ordered by a court. I will otherwise keep all "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Nebraska has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____                  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                                                       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                       [Print Name]
                                                       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                       [Company]
                                                       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                       [Address]

**CERTIFICATION - EXHIBIT B**

      I hereby certify that I have read the attached Protective Order in *David G. Jackson, et al. v. Pfizer Inc., et al.*, Civil Action No. 8:05CV18, pending in the United States District Court for the District of Nebraska, dated December 28, 2005 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and will not for any business or other purpose disclose such communications or information unless such disclosure is authorized by the party designating the material as "CONFIDENTIAL" or unless ordered by a court. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the District of Nebraska has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

                                                   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                   [Print Name]
                                                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                               [Role in Litigation]
                                                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                               [Address]